859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. SCOTT, Petitioner-Appellant,
v.
Michael MONTGOMERY, Respondent-Appellee.
 No. 88-5116.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This petitioner, James M. Scott, appeals the judgment of the district court denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. Mr. Scott argues that the trial court's refusal to instruct the jury on the statutory definitions of "possession," "receiving" and "knowingly" at his trial for receiving stolen property deprived him of due process and of the right to present a defense. In essence, he argues that the statutory definitions reveal the essential elements of the offense.
 
 
 3
 The district court granted summary judgment for respondent because the district court felt obligated to defer to the Kentucky Supreme Court's conclusion that no error had been committed and because petitioner could not demonstrate cause and prejudice.
 
 
 4
 We conclude that the judgment of the district court should be affirmed for reasons other than those set out by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985).
 
 
 5
 Upon review, we conclude the omission of a jury instruction on the statutory definitions of "possession," "receiving" and "knowingly" did not create the danger that the jurors failed to make an essential factual determination as required by In re Winship, 397 U.S. 358 (1970). The terms that petitioner sought to be explained to the jury are reasonably within a jury's understanding; they therefore did not have to be explained to petitioner's jury. United States v. Anderton, 629 F.2d 1044, 1048 (5th Cir.1980).
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.